IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Criminal Action No. 18-cr-00332-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEVEN HARRY BAKER,

    Defendant.

## OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court pursuant to Mr. Baker's Motion for Compassionate Release **(# 43)**.

In 2019, Mr. Baker pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). A judge of this Court sentenced him to a term of 120 months of imprisonment.

Mr. Baker has filed a *pro se*[1] letter motion **(# 43)** seeking compassionate release pursuant to 18 U.S.C. § 3582(c). Mr. Baker states that the request is based on "my high cholesterol and my stress level," but does not otherwise elaborate.

Although federal criminal sentences typically may not be altered once imposed, 18 U.S.C. § 3582(c)(1)(A) provides an exception if "extraordinary and compelling reasons warrant such a reduction." *U.S. v. Maumau,* 993 F.3d 821, 830-31 (10th Cir. 2021). To obtain relief

---

[1] Mindful of Mr. Baker's *pro se* status, the Court construes his filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

under this statute, the defendant must show: (i) there are extraordinary and compelling reasons warranting a sentence reduction; (ii) the requested reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (iii) the requested reduction is consistent with the factors listed in 18 U.S.C. §3553(a).  Id. at 831.  In *Maumau*, as well as *U.S. v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021), the Court of Appeals observed that the term "extraordinary and compelling circumstances" is not statutorily-defined and that "district courts [ ] have the authority to determine for themselves what constitutes" such circumstances.  The Court of Appeals went on to state that such discretion is circumscribed by the Sentencing Commission's policy statements, but noted that the Commission's existing policy statement on the subject (found in commentary to Guideline § 1B1.13) is not applicable to motions such as this one, brought by a defendant and not by the Director of the Bureau of Prisons.  *McGee*, 992 F.3d at 1050.  Thus, it would appear that at present there are no policy statements from the Sentencing Commission that would "constrain district courts' discretion to consider whether any reasons are 'extraordinary and compelling.'"  *Id.*

Some circumstances arising from the ongoing COVID-19 pandemic have been found to be "extraordinary and compelling" thereby justifying the granting of some compassionate release motions.  In particular, courts found that individuals who possessed one or more co-morbidities, identified by the U.S. Centers for Disease Control ("CDC") as increasing the likelihood of severe complications arising from a COVID-19 infection[2] might, in some circumstances, demonstrate "extraordinary and compelling circumstances" that could warrant compassionate release.  But two two risk factors identified by Mr. Baker – high cholesterol and stress – are not among those

---

[2]   See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

listed by the CDC, and Mr. Baker does not indicate that the relatively common conditions he experiences are of substantial medical concern, much less the type of substantial cardiac conditions that are found on the CDC's list.  Thus, Mr. Baker has not shown "extraordinary and compelling circumstances" warranting further consideration for compassionate release under 18 U.S.C. §3582(c).

Moreover, the Court notes that many of the compassionate release motions that have been granted by courts were granted in the early stages of the pandemic, when the disease's scope and effect were not clear and there was no vaccine available.  The present state of the pandemic is somewhat different due, in part, to the availability of vaccines that have been proven to be effective at reducing transmission rates and the severity of COVID-19 infections.   Indeed, the CDC presently advises that fully-vaccinated individuals may "resume activities that you did prior to the pandemic" (although it still recommends the use of masks indoors).  Reflecting this evolution,  the 10th Circuit  noted in *U.S. v. Hald*, 9 F.4th 932, 936 n. 2 (10th Cir. 2021), that there is  "a growing consensus that either receiving or refusing COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances for purposes of §3582(c)(1)(A)."

Mr. Baker's motion was filed before vaccines were being administered and thus, does not reflect Mr. Baker's current vaccination status.  The Court finds that, generally, the Bureau of Prisons has been proactive in making vaccines available to inmates[3] and there is no reason to

---

[3] The Bureau Of Prisons provides online COVID-19 information, including some basic information about active infections and vaccination numbers at individual facilities.  *See* https://www.bop.gov/coronavirus/index.jsp.  As of this writing, Mr. Baker's current facility, FCI Englewood, has completed 722 inmate vaccinations, in a facility that houses a total of 860 inmates.  FCI Englewood currently reports 1 active inmate case and 2 active staff cases of COVID-19 at the present time.

believe that, at this time, Mr. Baker has not been offered the opportunity to be vaccinated. Thus, it would appear that he either has been vaccinated or has refused the vaccine, either of which, as noted above, tend to cut against a finding of extraordinary and compelling circumstances justifying compassionate release.

Even assuming Mr. Baker had demonstrated one or more "extraordinary and compelling circumstances" warranting further consideration under 18 U.S.C. § 3582(c), the Court would nevertheless find that his release to home confinement or some other status would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a). Mr. Baker had already been convicted of a similar crime in the state court in 2015 before committing the instant offense, suggesting that his potential for recidivism is high. As such, the need to protect the public from further crimes by Mr. Baker is of paramount concern in any sentencing decision. 18 U.S.C. § 3553(a)(2)(C).

Moreover, Mr. Baker's motion does not give any indication of his post-release plans, were the Court to grant such a request. At the time of sentencing, Mr. Baker's counsel noted that Mr. Baker had historically resided with his mother, but that "his relationship with his mother soured greatly to the point that they have no communication whatsoever with each other anymore. He has no residence here, and he has really no idea where he's going to reside when he gets out of Bureau of Prisons." The Court finds that, pursuant to 18 U.S.C. § 3553(a)(1), Mr. Baker's particular circumstances relating to the lack of an apparent post-incarceration residence also weigh against granting his motion, as do concerns about whether Mr. Baker, if released, could obtain and comply with the mental health and sex offender treatments that will be essential to his rehabilitation.

The Court is mindful of the many mitigating factors discussed at the time of Mr. Baker's sentencing, and the Court has considered those factors as part of its § 3553(a) analysis as well.

Ultimately, the Court finds that, even mindful of the unanticipated effects of the COVID-19 pandemic, the factors that were considered at Mr. Baker's sentencing in 2019 have not materially changed. Thus, the Court remains convinced that a custodial sentence is warranted and that compassionate release under 18 U.S.C. § 3582(c) would not satisfy the factors of 18 U.S.C. §3553(a).

For the foregoing reasons, Mr. Baker's Motion for Compassionate Release **(# 43)** is **DENIED**.

Dated this 8th day of October, 2021.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge